UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:23-CV-00007-DLB-EBA

NELCO, LLC,                                                        PLAINTIFF,

V.                 **REPORT & RECOMMENDATION**

JLC CONTRACTING, LLC,                                DEFENDANT.

*** *** *** ***

In this action, the Plaintiff, Nelco, LLC, moves for default judgment against the Defendant, JLC Contracting, LLC, asserting two breach of contract claims against JLC based on the deficient quality and quantity of the coal delivered by JLC. [R. 11; R. 1 at pgs. 4–5]. The uncontested facts indicate that according to the terms of the parties' agreement, JLC was to deliver 26,000 short tons of coal to Nelco, divided as follows: 10,000 short tons of Coal A; 6,000 short tons of Coal B; 5,000 short tons of Coal C; and 5,000 short tons of Coal D. [R. 15-1 at pgs. 1–2]. However, the stockpile delivery records show that only 16,910.15 tons of coal were delivered, which is over 9,000 tons of coal short of the agreed upon amount. [*See* R. 15-3; R. 15-6]. In addition, the parties agreed that the coal would meet certain quality criteria, including the amount of ash content and BTUs in the tons of coal. [R. 15-1 at pgs. 1–2]. However, testing of the coal stockpiles revealed that Stockpile 802, which should have been comprised of the highest grade of coal (Coal A), did not meet the agreed upon quality specifications and thus Nelco never received a stockpile that met the quality specifications of Coal A. [*See* R. 15-5].

The case is properly before the Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [R. 1 at pg. 2]. Nelco explains in its Complaint that it is organized and has its principal

place of business in Wyoming while JLC and its members are in West Virginia. [*Id.* at pg. 1]. The diversity of citizenship requirement is therefore met and, as detailed below, the amount in controversy satisfies the Court's jurisdictional requirements. Finally, venue is proper because "all the coal deliveries were located in Kentucky and the contract between the parties specified the venue as the United States District Court for the Eastern District of Kentucky." [*Id.* at pg. 2].

In addition, the record demonstrates that JLC was served with a summons and Complaint by the Boyd County Sheriff's Department on May 8, 2023, and that JLC's counsel subsequently requested until June 30, 2023, to file an Answer. [R. 8]. However, no Answer was filed and JLC has failed to make an appearance or otherwise respond to Nelco's Complaint. As a result, on August 24, 2023, Nelco moved the Court to find that JLC had defaulted and requested a hearing on the issue of damages. [R. 11]. On referral of the presiding judge, the undersigned conducted a hearing on damages on October 12, 2023. [R. 16]. In conjunction with this hearing, Nelco submitted a memorandum in support of its damages calculations. [R. 15]. Nelco then submitted its proposed order to the Court. [R. 17]. For the reasons that follow, the undersigned will recommend that the Defendant be found to be in default, and that judgment should be entered in favor of the Plaintiff.

ANALYSIS

Pursuant to FED. R. CIV. P. 12(a)(1)(A), a defendant must serve an Answer within 21 days of being served with a summons and Complaint. "Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment. FED. R. CIV. P. 55(b)(1)." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). "A clerk's entry of default under Rule 55(a) is generally a prerequisite to an entry of a default judgment under Rule 55(b). . . But the Court may direct entry of default and grant a default judgment."

*United States v. Secord*, No. 21-CV-11387, 2022 WL 3337142, at *1 (E.D. Mich. June 21, 2022), *report and recommendation adopted*, No. 21-11387, 2022 WL 11964430 (E.D. Mich. Oct. 20, 2022) (internal citations omitted). Nelco's status report [R. 8] and Motion for Default Judgment [R. 11] make it clear that JLC was properly served with the summons and Complaint in this matter and has failed to enter an appearance or otherwise respond to the Complaint. Therefore, the undersigned recommends that the Court direct the Clerk to enter a record of JLC's default pursuant to FED. R. CIV. P. 55(a).

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments. *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir.1981)." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). However, "'even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Anderson v. Johnson*, 194 F.3d 1311 (Table), No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999)." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-CV-54-REW, 2020 WL 6302650, at *2 (E.D. Ky. May 4, 2020). Finally, while the decision to grant a default judgment is within the discretion of the trial court, the Sixth Circuit has held that the Court should consider the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citations omitted).

Based on the record and this evidence, default judgment should be granted against JLC. The *Russell* factors described above support this finding because Plaintiff will be prejudiced if

Page 3 of 6

default judgment is not granted as the delay will adversely affect its business and force it to continue to pay to store the coal it has received from JLC. In addition, Nelco is likely to prevail on the merits of its claims described in the Complaint. JLC failed to respond by Answer or other responsive pleading, and the record is absent of evidence that the failure is due to excusable neglect. Therefore, the undersigned will recommend that a default judgment be granted in this case.

Finally, the undersigned will recommend that the Court award Nelco $332,344.80 in damages. As the Sixth Circuit has explained, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Tempur-Pedic*, 2020 WL 6302650 at *2 (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). As previously explained, the undersigned conducted a hearing on damages on October 12, 2023. [R. 16]. In addition, Nelco submitted a memorandum detailing its damages calculations and requesting $332,344.80 in damages. [R. 15]. This calculation is based on the fact that per the Coal Purchase Agreement, Nelco was required to pre-pay for the coal deliveries and these prepayments totaled $1,100,000.00. [*Id.* at pg. 1]. Nelco provided an exhibit showing that these payments were made to JLC in June and July of 2022. [R. 15-2]. However, as stated above, Nelco did not receive the full amount of coal that was agreed upon and in fact never received a stockpile of Coal A.[1] Based on the amount and grade of coal received, Nelco calculated that it had received $805,703.04 worth of coal. [R. 15 at pg. 2]. Because Nelco prepaid JLC $1,100,000.00 for the coal, this means that Plaintiff is

---

[1] As explained during the hearing on damages, Stockpile 802 was to be Grade A Coal, but testing on the stockpile indicated that it was Grade B Coal. [R. 15-5 at pgs. 2–3]. Nelco was to pay $83.00 per ton for Coal A and pay $48.00 per ton for Coal B. [R. 15-1 at pgs. 1–2]. Because Nelco did not receive Grade A Coal, Plaintiff used the pricing for Grade B Coal in its damages calculations. [*See* R. 15 at pg. 2].

entitled to $294,296.96 for coal it prepaid for but did not receive from JLC. [*Id.*]. Additionally, Nelco has been forced to pay to store the coal it received from JLC at Cyrus River Terminal in the amount of $0.15 per ton per month from July of 2022 to October 2023. [*Id.* at pgs. 2–3]. Nelco stored 16,910.15 tons at Cyrus River Terminal, which results in $2,536.52 of storage fees per month, which over the course of 15 months results in $38,047.84 in storage fees. [*See* R. 15-6; R. 15-7]. Combined with the prepayment damages, this results in a total damages calculation of $332,344.80. [R. 15-6].

The evidence Nelco has produced supports this damages calculation. Additionally, Ilia Kikozashbili testified at the October 12th hearing that this damages calculation was correct and authenticated the documents Nelco produced to support this calculation. Therefore, the undersigned will recommend that the Court award Nelco $332,344.80 in damages.

## CONCLUSION

The undersigned RECOMMENDS the following:

1. That the Clerk enter default against Defendant JLC.
2. That the Court GRANT Plaintiff's Motion for Default Judgment [R. 11] and Plaintiff's Proposed Order of Judgment [R. 17].
3. That the Court AWARD Plaintiff Nelco, LLC $332,344.80, plus post-judgment interest at the maximum rate allowed by law from the date of the Court's judgment until the judgment is paid in full.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir.

1984); *see also* FED. R. CIV. P. 72(b)(2). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed October 30, 2023.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge